Filed 6/1/15  In re D.C. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re D.C., a Person Coming Under the Juvenile Court Law. | B259500 (Los Angeles County Super. Ct. No. VJ43372) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>D.C.,<br><br>    Defendant and Appellant. | |

THE COURT:[*]

   Juvenile defendant D.C. (defendant) appeals from the dispositional order arising from his carrying a loaded firearm in public.  Defendant filed a timely notice of appeal, challenging the denial of his motion to suppress evidence.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On March 2, 2015, we notified defendant of his counsel's brief and gave him leave to file

---

[*]    ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

within 30 days, his own brief or letter stating any grounds or argument he wishes to have considered. We have not received a response to date. We have independently reviewed the record and agree that there are no arguable issues and thus affirm.

## FACTS AND PROCEDURAL HISTORY

Several Los Angeles County Sheriff's deputies were conducting a general fare audit in plain clothes at an MTA platform in Compton. After Officer Chambless noticed that defendant and his two male companions immediately changed directions when they noticed some of the deputies, he approached the group and asked for their TAP cards. Because defendant and his associates could not provide TAP cards, Officer Chambless and his partner began escorting them towards the bottom of the platform to provide citations. During the walk, one of the companions, D.S., started walking faster to distance himself from defendant. D.S. then became confrontational, first verbally and then physically. While Officer Chambless and his partner struggled with D.S. for about 15 seconds, defendant began walking away. At which point, Officer Johnson stopped and handcuffed defendant, and walked defendant over to a patrol car. It is disputed whether at this time, defendant admitted that he was on probation with search conditions.

Officer Johnson then patted down defendant and felt a heavy object in his rear right pocket. The officer then reached into the pocket and recovered a semiautomatic handgun with seven live rounds of ammunition. After another deputy sheriff informed defendant of his *Miranda*[1] rights, defendant admitted that he carried the gun for protection because a lot of gangs ride the trains, making them dangerous. Defendant's written statement reiterated the same, adding that he started carrying the gun after he was robbed and later found the gun.

A detained Welfare and Institutions Code section 602 petition was filed with the juvenile court, alleging the carrying of a loaded firearm in public (Pen. Code, § 25850, subd. (a))[2] (count 1), possessing a firearm by a minor (§ 29610) (count 2), and possessing

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

[2]     Unless otherwise indicated, all further statutory references are to the Penal Code.

live ammunition by a minor (§ 29650) (count 3). The court then denied defendant's motion to suppress evidence (Welf. & Inst. Code, § 700.1) because the gun was found pursuant to an appropriate detention and search. The court then found all allegations true and merged counts 1 and 2 for sentencing (§ 654).

At the disposition hearing, the court ordered that defendant continue as a ward of the court (Welf. & Inst. Code, § 602) and terminated the home on probation originally ordered as a result of defendant's prior petition and admission of a first degree burglary, a felony (§ 459). The court then ordered defendant to a camp community placement program for six months (maximum confinement of six years, eight months), with 36 days of predisposition credit, and ordered defendant to pay $100 in a restitution fine.

Defendant timely appealed.

## DISCUSSION

There are no arguable issues, including the lower court's denial of the motion to suppress. We exercise our independent judgment on whether there was an unreasonable search or seizure under the Fourth Amendment. (*People v. Toure* (2015) 232 Cal.App.4th 1096, 1103.) To briefly detain a person for investigative purposes, officers must have a reasonable suspicion (supported by specific and articulable facts) that criminal activity is afoot regardless of probable cause to arrest. (*Terry v. Ohio* (1968) 392 U.S. 1, 21–23.) The officer can also perform a pat down search for weapons if there is reason to believe that the person is armed and dangerous. (*Id.* at p. 27; see also *People v. Garcia* (2006) 145 Cal.App.4th 782, 784.)

The detainment was valid because defendant failed to provide proof of his fare (§ 640, subd. (c)(1)). The frisk was also justified for the officers' safety given that one of defendant's companions became combative, and defendant was suspiciously walking away during the officers' struggle with that group member. In addition, based on Officer Chambless's experience, when individuals in a group move away from each other or if part of the group assaults law enforcement, the individual walking away may have a warrant out for his arrest, a gun or other contraband. It also appears that the search was properly restricted because Officer Johnson patted down defendant's outer clothing.

3

Only after the officer felt a heavy, hard object in defendant's rear pocket did he conduct a fuller search by reaching in to find the gun.  Thus, the trial court properly denied the motion to suppress evidence.

We have also made an independent examination of the entire record and have determined that there are no arguable issues.  We are satisfied that defendant's counsel has fully complied with her responsibilities under *Wende*, *supra*, 25 Cal.3d 436.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

4